# United States District Court
## for the
### Western District of New York

| | |
|---|---|
| United States of America<br>v.<br>**Luis Castro Mayancela**<br>*Defendant* | Case No. 25-mj- 5065 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of March 26, 2025, in the County of Genesee, in the Western District of New York, the defendant, an alien, was found in the United States, after previously being removed or deported from the United States, without prior authorization or approval from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, in violation of Title 8, United States Code, Sections 1326(a).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Teresa M Roeder*
*Complainant's signature*

Teresa Roeder
Homeland Security Investigations
Department of Homeland Security
*Printed name and title*

Sworn to before me and signed telephonically.

Date: April 1 2025

*Michael J. Roemer*
*Judge's signature*

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and State: Buffalo, New York

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK    )
COUNTY OF MONROE     )   ss.:
CITY OF ROCHESTER    )

**TERESA M. ROEDER**, being duly sworn, deposes and states:

1. I am a Special Agent (SA) with the United States Department of Homeland Security ("DHS"), Homeland Security Investigations ("HSI"), and have been employed in this capacity since August 2023. I am a graduate of the Criminal Investigator Training Program and HSI Special Agent Training Academy. I am currently assigned to the HSI Office of the Special Agent in Charge, in Buffalo, New York and have been working in Buffalo since March 2024. As a SA, my duties are to conduct and coordinate high-level comprehensive investigations involving individuals, groups, and/or organizations operating at a local, state, national, or international level. Prior to being employed as a SA with HSI, I was employed as a Deputy Sheriff with the Northampton County Sheriff's Department in Easton, Pennsylvania for approximately two and a half years. I have also worked with experienced HSI Special Agents and Task Force Officers, and I have consulted with law enforcement officers experienced in investigations.

2. As a result of my employment with HSI, my duties also include, but are not limited to, the investigation and enforcement of Titles 8, 18, 19, 21, and 31 of the United States Code. As part of my current duties, I am investigating violations of the Immigration and Nationality Act and violations of the United States Code, particularly Title 8, United States Code, Section 1326 (Re-entry of Removed Aliens).

3. I am also a federal law enforcement officer within the meaning of Rule 41(a) of the Federal Rules of Criminal Procedure, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses in violation of the United States

Code. In connection with my duties and responsibilities, I have received extensive training in criminal investigations, participated in criminal arrests, executed various warrants, interviewed individuals involved in different types of illicit activities, and have sworn out affidavits for warrants.

4. I make this affidavit in support of a criminal complaint charging LUIS CASTRO MAYANCELA, an alien, born in 2000 in Ecuador, and currently a citizen of Ecuador, with violating Title 8 United States Code, Section 1326(a)(1) (Re-entry of Removed Aliens).

5. The statements contained in this affidavit are based upon my training and experience, personal knowledge of this investigation, information provided to me by other law enforcement officers and civilian personnel involved with this investigation, and a review of database checks and official records. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that LUIS CASTRO MAYANCELA did knowingly violate Title 8 United States Code, Section 1326(a).

## PROBABLE CAUSE

6. On March 26, 2025, HSI, along with Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) Buffalo, NY, conducted surveillance as part of a targeted enforcement operation on a residence located on Mill Street, in Buffalo, NY. The target of the surveillance was an illegal alien and who entered the United States unlawfully at a time and place other than as designated by the Secretary of Homeland Security of the United States of America.

7. A dark blue Chevy Silverado arrived at the Mill Street address. Two Hispanic males exited the target residence and entered the vehicle. ERO initiated mobile surveillance and followed the Chevy Silverado when it departed the residence. At approximately 1120 hours, SA Roeder and Border Patrol Officers activated their emergency lights and conducted an investigative vehicle stop on the blue Chevy Silverado near Ford Road, in Elba, NY.

8. Four people were encountered during the vehicle stop of the blue Chevy Silverado, which included LUIS CASTRO MAYANCELA. Initial record checks were conducted on scene and the subject was determined to be illegally present in the United States. Record checks further revealed that LUIS CASTRO-MAYANCELA was ordered removed from the United States on or about December 13, 2019, by an Immigration Judge, and that on December 30, 2019, LUIS CASTRO-MAYANCELA was removed from the United States to Ecuador.

9. LUIS CASTRO MAYANCELA were taken into immigration custody and turned over to ERO for processing at the Buffalo Federal Detention Facility in Batavia, New York.

10. EROs entered LUIS CASTRO MAYANCELA's fingerprints into the Interagency Fingerprint Identification System ("IAFIS") database to verify his identity and any immigration history in the United States. This scan resulted in an identical fingerprint match to an FBI and Alien File number.

11. Immigration record checks regarding this Alien File number revealed that a warrant of removal/deportation was issued for LUIS CASTRO MAYANCELA on December 18, 2019, after being apprehended near Santo, Texas, after illegally entering the United States. On December 18, 2019, LUIS CASTRO MAYANCELA signed indicating that he was served a warning to aliens being ordered removed or deported. CASTRO MAYANCELA was removed to Ecuador, departing from Alexandria International Airport in Louisiana, on December 30, 2019.

12.     Additionally, there is no evidence that LUIS CASTRO MAYANCELA had any authorization or approval from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to re-enter the United States after his last removal.

13.     WHEREFORE, I respectfully submit that the foregoing facts establish probable cause to believe that on or about March 26, 2025, LUIS CASTRO MAYANCELA, an alien, was found in the United States after having been previously deported or removed from the United States, without the requisite permission from the Attorney General of the United States or the Secretary for the Department of Homeland Security, in violation of Title 8, United States Code Section 1326(a).

*Teresa M Roeder*
TERESA M. ROEDER
Special Agent
Homeland Security Investigations

Affidavit submitted electronically by email in .pdf format. Oath administered and contents and signature attested to me as true and accurate telephonically pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 1st day of April 2025.

HON. MICHAEL J ROEMER
UNITED STATES MAGISTRATE JUDGE